UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO GOMEZ-AGUIRRE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
                                  /

No. 09-20362

District Judge Lawrence P. Zatkoff

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Marco Gomez-Aguirre's Motion to Vacate Sentence [Docket #16], filed pursuant to 28 U.S.C. §2255, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the Motion be DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner pled guilty to the charge of unlawful reentry into the United States after deportation following conviction of an aggravated felony, in violation of 18 U.S.C. § 1326. In the Rule 11 plea agreement, the parties agreed that the appropriate Sentencing Guidelines range was 46 to 57 months. *See* Rule 11 Agreement [Doc. #12]. The Rule 11 agreement also contained a stipulated order of removal, in which Petitioner acknowledged that he was a deportable alien within the meaning of the Immigration and Nationality Act, and agreed "to the entry of a judicial order of removal from the United States, which will be executed at the end of the term of imprisonment imposed pursuant to this plea agreement." Finally, Petitioner waived his right to appeal, providing that his sentence did not exceed the agreed-upon Guidelines range.

On January 22, 2010, Petitioner's attorney filed a sentencing memorandum [Doc. #14], in which he sought a downward departure from the Guidelines range based on "[t]he fast track disparity that exists between the Eastern District of Michigan and other Districts." He also challenged the 16-level enhancement imposed when deportation occurs after an aggravated felony. In the memorandum, Plaintiff's counsel also argued for a downward adjustment based on "the differential treatment of aliens serving a sentence within the Bureau of Prisons," requesting a departure to a 30 to 37 month range.

The Court rejected Petitioner's request for a downward departure, but sentenced him to a mid-range term of 51 months. *See* Judgment [Doc. #15].

In the present motion, Petitioner argues that he was denied the effective assistance of counsel because (1) his lawyer did not seek a "fast-track" disparity reduction applied to illegal reentry cases in other districts; (2) his lawyer did not seek a departure based on cultural assimilation; and (3) his lawyer did not advise him regarding deportation.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted);  *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).

### III.     DISCUSSION

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *Strickland*  sets forth a two-part test for assessing claims of ineffective assistance.  First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment,"  466 U.S. at 687.  To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance.  To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Where ineffective assistance is alleged in the context of a guilty plea,  it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pled guilty, but would have insisted on going to trial.  *Hill*, 474 U.S. at 58-59; *Warner* v. *United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pled guilty).

A.  Alleged Failure to Seek Fast-Track Reduction

Certain districts that have an extremely high number of reentry cases utilize so-called "fast-track" programs, whereby a defendant may receive a downward departure under certain conditions.  In districts such as the Eastern District of Michigan, sentencing judges may consider disparities created by this district's absence of a fast-track policy. *United States v. Camacho - Arellano,* 614 F.3d 244, 248–50 (6th Cir.2010); *see also Kimbrough v. United States,* 552 U.S. 85 (2007).

Petitioner is no doubt disappointed that the Court did not grant a departure. However, contrary to Plaintiff's argument in this motion, his lawyer clearly argued for a departure based on fast-track disparity.  "That a court *may* consider such disparities, however, in no way *entitles* [a defendant] to a lower sentence."*United States v. Cabrera-Jimenez*, 2013 WL 5613708, *2 (6th Cir. 2013), citing *United States v. Mason,* 410 F. App'x 881, 886 (6th Cir.2010)(emphasis in original). Petitioner has not shown the deficient performance necessary for an ineffective assistance claim.

B.  Cultural Assimilation

Petitioner claims that his lawyer was ineffective for failing to seek a downward departure based on cultural assimilation under Application Note 8 to U.S.S.G. § 2L1.2, which provides as follows:

> "There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the *718 United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant."

There are at least two reasons why Petitioner's counsel cannot be faulted for failing to seek a downward departure under this provision.  First, at the time of

sentencing, there was no basis for counsel to make this argument. The effective date of the Guidelines Amendment adding Application Note 8 was November 1, 2010. Petitioner was sentenced approximately nine months earlier, on February 4, 2010.

Secondly, Petitioner does not qualify for a departure because he had not "resided continuously in the United States from childhood," as required by Application Note 8. As the government points out, Petitioner was born in Colombia in 1956, and first came to the United States in 1982, at the age of 25 or 26.

Petitioner's claim of ineffective assistance of counsel on this basis is without merit.

### C.   Advice as to Immigration Consequences of Plea

Relying on *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), Petitioner contends that his attorney failed to advise him that he would be deported if he pled guilty. Aside from the fact that Petitioner was sentenced about two months before *Padilla* was decided, the record belies his claim as a factual matter. Paragraph 4 of the Rule 11 agreement clearly provided for "the entry of a judicial order of removal from the United States, which will be executed at the end of the term of imprisonment imposed pursuant to this plea agreement."[1]

### IV.   CONCLUSION

For these reasons, I recommend that Petitioner's Motion to Vacate Sentence [Docket #16] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

---

[1] To the extent that Petitioner is actually challenging his prior attorney's representation in a 1992 plea-based conviction, the issue is not properly before the Court in the present case.

Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 13, 2013, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla for Michael Williams
                                        Case Manager to the
                                        Honorable R. Steven Whalen